UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BELINDA BELAJONAS,

    Plaintiff,

v.                                              Case No.:   5:23-cv-628-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Belinda Belajonas seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.   Procedural History

Plaintiff applied for a period of disability and disability insurance benefits and supplemental security income on July 24, 2020, alleging disability beginning on March 3, 2020. (Tr. 163, 164, 520-26). The applications were denied initially and on

reconsideration. (Tr. 163, 164, 203, 204). Plaintiff requested a hearing, and on January 11, 2022, a hearing was held before Administrative Law Judge Emily Statum ("ALJ"). (Tr. 144-162). On April 15, 2022, the ALJ entered a decision finding Plaintiff not under a disability from March 3, 2020, through the date of the decision, (Tr. 222-41).

Plaintiff requested review of the decision, and on review, the Appeals Council remanded the action for further proceedings. (Tr. 248-51). On remand, the ALJ held hearings on October 31, 2022 and February 17, 2023. (Tr. 116-38; 140-43). On May 17, 2023, the ALJ entered a decision finding Plaintiff not under a disability from March 3, 2020, through the date of the decision. (Tr. 18-38). Plaintiff requested review of the decision and the Appeals Council denied Plaintiff's request on August 25, 2023. (Tr. 1-6). Plaintiff began this action by Complaint (Doc. 1) filed on October 20, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2022. (Tr. 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 3, 2020, the alleged onset date. (Tr. 20). At step two, the ALJ found that Plaintiff had the following severe impairments: "history of

possible transient ischemic attack (TIA) in 2018; left rotator cuff tear; hypertension; right foot fracture; hyperlipidemia; coronary artery disease; and tachycardia." (Tr. 20). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 24).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except with occasional climbing of ramps or stairs, no climbing of ladders, ropes or scaffolds, occasionally exposed to extreme heat, cold or high humidity, and no exposure to dusts, fumes, gases or poor ventilation.

(Tr. 26-27). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a billing clerk as generally performed in the national economy. (Tr. 37). The ALJ found that this work does not require the performance of work-related activities precluded by the RFC. (Tr. 37). The ALJ concluded that Plaintiff had not been under a disability from March 3, 2020 through the date of the decision. (Tr. 37).

## II.   Analysis

On appeal, Plaintiff raises these four issues:

>    (1)   The ALJ's decision was in error in substituting her opinion for the opinion of a medical expert and the ALJ's findings are not supported by substantial evidence;
>
>    (2)   The ALJ's decision was in error in failing to consider all of Plaintiff's impairments, including her non-severe impairments in assessing the RFC and determining that she could perform her past relevant work;
>
>    (3)   The Appeals Council's decision was in error in failing to find that evidence submitted to it was new and material and required remand for further consideration; and
>
>    (4)   The Appeals Council's decision was in error in failing to comply with Social Security Ruling 11-1P.

(Doc. 23, p. 3).

### A. Danna B. Costa-Sahs, Psy.D.'s Opinion

Despite Plaintiff couching this issue in terms of the ALJ substituting her opinion for that of a medical provider, Plaintiff cites legal authority and appears to argue that the ALJ erred in finding Dr. Costa-Sahs's opinion not persuasive. (Doc. 23, p. 5). Although not entirely clear, Plaintiff appears to contend that Dr. Costa-Sahs's opinion was based on Plaintiff's reported symptoms and a review of the medical records. (Doc. 23, p. 6). Plaintiff then argues that "there was no logical bridge between the Administrative Law Judge's observations of the consultative examination report, and [her] reasons for discounting the report" and requests remand. (Doc 23, p. 6).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight

to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will

be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

On December 5, 2020, Danna B. Costa-Sahs, Psy.D. performed a consultative Psychological Evaluation of Plaintiff. (Tr. 993-96). The ALJ summarized Dr. Costa-Sahs's findings, and found her opinion unpersuasive:

> The opinion provided by the consultative examiner, Dr. Costa-Sahs, that claimant's mental symptoms based on report and

> clinical observations appeared to be moderately impacting activities of daily living, vocational performance and interpersonal interactions (Exhibit 10F) is not persuasive as it is not consistent with Dr. Costa-Sahs' own observable clinical signs on examination. Dr. Costa-Sahs observed that the claimant was cooperative and had adequate eye contact, and an unremarkable behavior. She observed that the claimant was alert and oriented to person, place, situation and time, displayed no problems with motor functioning and had unremarkable speech. She observed also that the claimant was relevant, coherent and logical, and had adequate attention, adequate concentration, adequate immediate memory, adequate recent memory and adequate remote memory. Dr. Costa-Sahs observed that the claimant was able to complete tasks of alphabetic and numeric reiteration without errors. She observed that the claimant was able to spell the word 'world' backwards and complete simple tasks of serial calculations. She observed that the claimant displayed adequate social skills, judgment and insight. (Ex. 10F). These unremarkable findings are not consistent with symptoms appearing to moderately impact activities of daily living, vocational performance and interpersonal interactions (Exhibit 10F) but with mild limitations. Thus, Dr. Costa-Sahs' opinion is not persuasive. Accordingly, the claimant's mental impairments are nonsevere.

(Tr. 36).

The ALJ thoroughly summarized Dr. Costa-Sahs's findings. (Tr. 36). The ALJ noted the relatively normal results from Dr. Costa-Sahs's observations and mental status evaluation. (Tr. 36, 993-96). The ALJ then compared these relatively normal results with Dr. Costa-Sahs's finding that Plaintiff's activities of daily living, vocational performance, and interpersonal interactions were moderately impacted by Plaintiff's mental limitations. (Tr. 36). Based on the generally normal results, the ALJ properly found that Dr. Costa-Sahs's opinion was not supported by her

evaluation findings, and support mild limitations instead. (Tr. 36). Substantial evidence supports the ALJ's persuasiveness findings about Dr. Costa-Sahs's opinion.

To cover all bases, the Court will also briefly discuss whether the ALJ substituted her opinion for that of Dr. Costa-Sahs. At step four, the task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007). That said, an ALJ may not "'may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.'" *Williams v. Barnhart*, 140 F. App'x 932, 934 (11th Cir. 2005) (quoting *Marbury v. Sullivan*, 957 F.2d 837, 840–41 (11th Cir.1992)). But an ALJ can reject a physician's opinion when the evidence supports a contrary conclusion. *Id.* Indeed, while an ALJ may not make medical findings, an ALJ has the responsibility to resolve conflicting medical opinions. *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016).

Immediately above Dr. Costa-Sahs's opinion in the decision, the ALJ discussed the opinions of State agency psychological consultants Yamir Laboy, Psy.D. and Nicole Mannis, Psy.D. (Tr. 36). Both consultants found that Plaintiff had mild restrictions in all four broad areas of mental functioning which are:

understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 36). The ALJ found both these opinions persuasive "as their opinions are consistent with examinations of record that revealed unremarkable observable clinicals signs." (Tr. 36). In finding these opinions persuasive, the ALJ cited Dr. Costa-Sahs's observations that Plaintiff had adequate attention, adequate concentration, adequate immediate memory, adequate recent memory, and adequate remote memory. (Tr. 36). The ALJ also cited multiple other treatment notes that described Plaintiff as alert, oriented times three, and cooperative. (Tr. 36). Plus, throughout the decision, the ALJ cited Dr. Costa-Sahs's evaluation findings to support her decision. (Tr. 21-24, 36).

The ALJ did not substitute her opinion for that of Dr. Costa-Sahs. Instead, she considered all of the relevant treatment records and opinions related to Plaintiff's alleged mental impairments and formulated the RFC based on these records. Thus, the ALJ did not err in substituting her opinion for that of Dr. Costa-Sahs. Substantial evidence supports the ALJ's RFC determination.

### B. Mild Mental Impairments

Plaintiff contends that the ALJ found that she had mild limitations all the four broad areas of mental functioning. (Doc. 23, p. 7). Plaintiff conceded that mild limitations in these areas would not impact most jobs. (Doc. 23, p. 7). Plaintiff

argues, however, that even mild impairments would impact her ability to return to her past relevant work as a billing clerk, with an SVP of four and a reasoning level of four. (Doc. 23, p. 7). Plaintiff claims that this job requires significant compiling of data and argues the ALJ failed to explain how an individual with Plaintiff's mild mental limitations could perform a highly stressful, detailed, and complex job. (Doc. 23, p. 7).

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

At step two, the ALJ found Plaintiff had mild impairments in the four broad areas of mental functioning. (Tr. 23-24). Plaintiff does not contest these findings. The ALJ thoroughly discussed Plaintiff's mental limitations when assessing

Plaintiff's RFC. (Tr. 27-32, 36). In finding at most mild mental impairments, other courts have found that an ALJ need not include any mental limitations in the RFC. *See Faircloth v. Comm'r of Soc. Sec.*, No. 6:21-cv-782-EJK, 2022 WL 2901218, at *2 (M.D. Fla. July 22, 2022) ("Notably, an ALJ is not required to include mental limitations in the RFC finding merely because he identified mild mental limitations in the PRT criteria.") (citing *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979-80 (11th Cir. 2016) (per curiam)). Here, at step four, the ALJ considered all of Plaintiff's impairments, including any mental impairments or limitations, in assessing Plaintiff's RFC.

Plaintiff also argues that any mild mental limitations would prevent her from returning to her past relevant work as a billing clerk because it is a highly stressful, detailed, and complex job. (Doc. 23, p. 7). This argument lacks merit. As stated above, the ALJ must consider all of Plaintiff's impairments, whether severe or non-severe, when assessing the RFC. In this case, the ALJ considered Plaintiff's non-severe mental impairments when assessing the RFC and found these impairments caused no functional work limitations. The ALJ then properly determined that even with the limitations in the RFC, Plaintiff could perform her past relevant work, and confirmed this finding with the vocational expert at the hearing. (Tr. 37, 135-36). For these reasons, substantial evidence supports the ALJ's RFC assessment, and finding that Plaintiff can return to her past relevant work.

### C. Evidence Submitted to Appeals Council

Plaintiff argues that the Appeals Council erred in not considering additional evidence submitted to it after the ALJ's decision. (Doc. 23, p. 8-9). Plaintiff focuses on three medical records from May 27, 2023, June 14, 2023, and June 27, 2023, to show that Plaintiff was more limited in the use of her arms than the ALJ found in the decision. (Doc. 23, p. 9). Plaintiff argues that the job of billing clerk requires constant reaching, handling, and fingering and if the ALJ had this additional evidence, there is a reasonable probability that the ALJ would have found at least some limitations in handling, reaching, and fingering, that would preclude her past relevant work. (Doc. 23, p. 9).

On August 25, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). The Appeals Council found that the additional evidence submitted by Plaintiff of records from Lynn Millard, APRN dated May 17, 2023 through June 6, 2023 and medical records from Langley Health, dated February 20, 2023 through June 27, 2023, did not show a reasonable probability that they would change the outcome of the decision. (Tr. 2). As a result, the Appeals Council did not exhibit this evidence. (Tr. 2).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015)

(quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[1] the Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). "Evidence is material if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Atha*, 616 F. App'x at 936. The new regulation added an additional requirement that the Appeals Council "will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435…." 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).

If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Hargress*, 883 F.3d at 1309 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d

---

[1] In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

780, 784 (11th Cir. 2014)). But the Appeals Council need not give a detailed explanation or further address each piece of new evidence individually. *Id.*

All three medical records cited by Plaintiff are dated after the May 17, 2023 ALJ decision. (Tr. 38). Chronologically, in the first medical record dated May 27, 2023, Plaintiff complained that she was sitting in her car when she developed a right-sided headache, her right arm felt weak with tingling and pain, after a few minutes the pain radiated to her left arm, and she had blurred vision in the left eye. (Tr. 88). The medical provider assessed Plaintiff with non-intractable headache and referred her to the emergency department for further evaluation. (Tr. 92). On June 14, 2023, Plaintiff saw Mark Rothschild, M.D. for palpitations. (Tr. 114). He noted that recently she went to the emergency department for pins and needles in both upper arms. (Tr. 114). Dr. Rothschild doubted that Plaintiff's recent symptoms were due to a TIA or stroke because they affected both sides of her body. (Tr. 114). The emergency department told her that she may have had a migraine headache. (Tr. 114-115). Lastly, on June 27, 2023, Plaintiff saw Kathy Thompson, MSN, APRN for right shoulder pain that began the night before the appointment. (Tr. 105). Plaintiff reported she had been babysitting and was holding one child in one arm and attempted to pick up another child with her right arm. (Tr. 105). After this incident, she started having pain in her right shoulder that radiated down her arm. (Tr. 105). She was diagnosed with a shoulder sprain, prescribed ibuprofen, and advised to

heat/ice the shoulder, perform gentle range of motion exercises, do no heavy lifting, and avoid straining or picking up children with the right arm until it improves. (Tr. 107).

Plaintiff has not shown that these three medical records are material such that there is a reasonable probability that this evidence would change the administrative outcome. Each of these records showed isolated incidents that occurred after the ALJ's decision and Plaintiff has not shown that any of these isolated incidents relate to the period on or before the ALJ's decision. Because these records do not relate to the relevant period on or before the decision, Plaintiff failed to show that there is a reasonable probability that the new evidence would change the administrative outcome. The Appeals Council did not err in its decision.

### D. Social Security Ruling 11-1P.

Plaintiff argues the Appeals Council erred in failing to comply with SSR 11-1p. Plaintiff claims that if the Appeals Council found that the evidence submitted to it was not chronologically relevant, it should have returned the evidence and advised Plaintiff that if she made a new application for benefits within 60 days from the date of the Appeals Council's decision, the Social Security Administration would consider the date of the request for review as a protective file date for the new application. (Doc. 23, p. 11).

SSR 11-1p provides in part:

> If you choose to pursue your disability claim that is pending at the Appeals Council, and you submit additional evidence, the Appeals Council will first determine whether the additional evidence relates to the period on or before the date of the hearing decision. When the additional evidence is new and material and relates to the period on or before the date of the hearing decision, the Appeals Council will consider it, together with the entire record. 20 [C.F.R. §§] 404.970(b), 416.1470(b), and 405.373. The Appeals Council will review your case if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *Id.*
>
> If the new and material evidence that relates to the period on or before the date of the hearing decision shows a critical or disabling condition, the Appeals Council will expedite its review of your pending claim.
>
> When the additional evidence does not relate to the period on or before the date of your hearing decision, the Appeals Council will return the additional evidence to you. 20 [C.F.R. §§] 404.976(b), 416.1476(b). The notice returning the additional evidence will explain why the Appeals Council did not accept the evidence and inform you that, under certain circumstances, we will consider the date you filed the request for Appeals Council review as the filing date for your new claim. If you originally filed for disability benefits under title II, and you file a new application for title II disability benefits within six months of the date of this notice, we will use the date of your request for Appeals Council review as the filing date.

SSR 11-1p, 2011 WL 3962767 (July 28, 2011).

Contrary to Plaintiff's assertions, the Appeals Council did not find that the evidence was not chronologically relevant. (Tr. 2). Instead, it found that the evidence did not show a reasonable probability that it would change the outcome of the decision. (Tr. 2). Thus, SSR 11-1p does not appear to apply and the Appeals Council was not required to send the requisite notice under this Rule. *See Kadiri v. Kijakazi,*

No. 8:20-cv-1567-CPT, 2022 WL 950646, at *3 (M.D. Fla. Mar. 30, 2022). Plaintiff offers no legal authority to support any contrary conclusion. Thus, remand is not warranted.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 23, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties